# Matter of E-A-R-M-, et al., Respondents

*Decided July 10, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Department of Homeland Security's oral motion to pretermit the respondents' applications for asylum and related protection was sufficient to provide the requisite notice of its intent to remove the respondents to a third country pursuant to an asylum cooperative agreement.

FOR THE RESPONDENTS:  Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Luis Zupo, Counsel

BEFORE:  Board Panel:  RADICS, Deputy Appellate Immigration Judge, OWEN and GALLOW, Appellate Immigration Judges.

OWEN, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") has filed an interlocutory appeal from the Immigration Judge's March 24, 2026, decision denying its motion to pretermit the respondents' applications for asylum and withholding of removal under sections 208(b)(1)(A) and 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A) (2024), and protection under the regulations implementing the Convention Against Torture ("CAT").[1]  The respondents have not filed a response to DHS' appeal.  The appeal will be sustained, and the record will be remanded.

In its motion, DHS sought pretermission of the respondents' applications because the respondents are subject to the safe third country bar to asylum under section 208(a)(2)(A) of the INA, 8 U.S.C. § 1158(a)(2)(A) (2024), as

---

[1]  The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States on Nov. 20, 1994).  8 C.F.R. §§ 1208.16(c), 1208.17 (2026); 8 C.F.R. § 1208.18(a) (2020).

implemented by 8 C.F.R. § 1240.11(h) (2026).[2]  We recently discussed this bar to asylum eligibility and provided guidance on the proper application of the regulation in *Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. 291 (BIA 2025).  *See also Matter of A-C-M-*, 29 I&N Dec. 703 (BIA 2026) (holding that determining whether the safe third country bar applies to an ACA country of removal generally will not require an evidentiary hearing).  Although the Board does not ordinarily entertain interlocutory appeals, we deem it appropriate to do so here to correct the recurring misapplication of 8 C.F.R. § 1240.11(h) and *Matter of C-I-G-M- & L-V-S-G-* by Immigration Judges.  *See Matter of M-D-*, 24 I&N Dec. 138, 139 (BIA 2007) (observing that it may be appropriate to adjudicate an interlocutory appeal "to correct recurring problems in the handling of cases by Immigration Judges").

## I. FACTUAL AND PROCEDURAL HISTORY

The adult female respondent and the minor respondents are natives and citizens of Venezuela.  The adult male respondent is a native and citizen of Colombia.  The respondents illegally entered the United States without inspection on April 3, 2024.  DHS served each respondent with a notice to appear and commenced removal proceedings against them by filing the notices to appear with the Immigration Court.  The adult respondents filed applications for asylum, withholding of removal, and CAT protection before the Immigration Judge on September 13, 2024.  DHS orally moved to pretermit the respondents' applications at a hearing on January 28, 2026, arguing that the respondents are ineligible to apply for asylum and related protection because they may be removed to Ecuador for consideration of those claims pursuant to an asylum cooperative agreement ("ACA") between the United States and Ecuador.[3]

The respondents filed an opposition to DHS' motion in which they argued that ACAs are impermissibly retroactive and that Ecuador is not a safe third country. On March 6, 2026, the Immigration Judge issued a scheduling order requiring DHS to (1) affirm whether it intended to remove the respondents to Ecuador for the adjudication of their asylum and protection claims; (2) if so, specify the statutory basis under section 241(b)(2) of the INA, 8 U.S.C. § 1231(b)(2), for DHS's request that the Immigration Judge designate

---

[2]  The respondents are a family unit.  The lead respondent and adult male respondent filed applications for asylum and related relief.  The minor respondents are listed as derivative asylum applicants on those applications but did not file their own applications for relief.

[3]  *See* Agreement Between the Government of the United States of America and the Government of the Republic of Ecuador Relating to the Transfer of Third-Country Nationals to Ecuador, 90 Fed. Reg. 51376 (Nov. 17, 2025).

Ecuador as a country of removal; and (3) if DHS relied on section 241(b)(2)(E)(vii) of the INA, 8 U.S.C. § 1231(b)(2)(E)(vii) (2024), state whether DHS takes the position that the Ecuadorian government will accept the respondents and the basis for this position if asserted. DHS did not respond to the scheduling order.

The Immigration Judge denied DHS' motion to pretermit, concluding that because DHS has not provided notice of its intent to remove the respondents to Ecuador for the adjudication of their asylum and protection claims, there is no disputed issue for the Immigration Judge to resolve and therefore no need for the Immigration Judge to determine the applicability of the safe third country bar. In the alternative, the Immigration Judge found that he could not determine whether the ACA with Ecuador applies to the respondents and it would be improper for him to designate Ecuador as a country of removal.

On appeal, DHS argues that the Immigration Judge exceeded his regulatory authority and did not follow the correct procedures for adjudicating motions to pretermit based on an ACA. Whether the facts establish that the safe third country bar to asylum applies is a legal question we review de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2026); *Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. at 293.

## II. DISCUSSION

This case involves the safe third country bar to asylum under section 208(a)(2)(A) of the INA, 8 U.S.C. § 1158(a)(2)(A), and the authority of Immigration Judges under 8 C.F.R. § 1240.11(h) (2026) to apply the bilateral ACA with Ecuador. *See Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. at 292–99 (explaining the legal background of the ACA with Honduras and the relevant procedures in removal proceedings).

Under the safe third country bar to asylum, an alien is ineligible to apply for asylum in the United States:

> if the Attorney General determines that the alien may be removed, pursuant to a bilateral or multilateral agreement, to a country (other than the country of the alien's nationality or, in the case of an alien having no nationality, the country of the alien's last habitual residence) in which the alien's life or freedom would not be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion, and where the alien would have access to a full and fair procedure for determining a claim to asylum or equivalent temporary protection, unless the Attorney General finds that it is in the public interest for the alien to receive asylum in the United States.

INA § 208(a)(2)(A), 8 U.S.C. § 1158(a)(2)(A).  This bar is implemented in relevant part by 8 C.F.R. § 1240.11(h), which governs the authority of Immigration Judges to apply ACAs between the United States and countries other than Canada.  *See* Implementing Bilateral and Multilateral Asylum Cooperative Agreements Under the Immigration and Nationality Act, 84 Fed. Reg. 63994, 64010 (Nov. 19, 2019) (interim rule) ("ACA Rule").[4]  The regulation applies "only prospectively to aliens who arrive at a U.S. port of entry, or enter or attempt to enter the United States between ports of entry, on or after" November 19, 2019, and "provide[s] a general mechanism for implementation of all existing and future ACAs not previously implemented."  *Id*. at 63995–96.

The United States entered into an ACA with Ecuador on November 17, 2025.  *See* 90 Fed. Reg. 51376.  The ACA does not apply to unaccompanied minors, Ecuadorian nationals, or habitual residents of Ecuador.  *Id.* at 51378–79.

### A. Notice of Intent to Remove to a Safe Third Country

When DHS, in a motion to pretermit, provides an alien with proper notice of its intent to remove him or her to a safe third country for consideration of an asylum and protection claim under the ACA with that country, the burden shifts to the alien to show by a preponderance of the evidence that the ACA does not apply.  *Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. at 295.  The relevant statutory and regulatory provisions ensure that the alien has a reasonable opportunity to present evidence and respond to any evidence presented by DHS.  *Id*.

In evaluating whether the respondents have met this burden, the Immigration Judge's authority is limited by regulation.  The Immigration Judge may determine:  (i) whether the agreement does not apply to the respondents or preclude them from applying for asylum; (ii) whether the respondents qualify for an exception specified in the published Federal Register document setting out the ACA and its exceptions; and (iii) whether the respondents have demonstrated that it is more likely than not that they will be persecuted on account of a protected ground or tortured in Ecuador.  8 C.F.R. § 1240.11(h)(2)–(3).  However, the Immigration Judge may not require DHS to demonstrate that Ecuador is willing to accept the respondents and, further, does not have the authority to determine whether the respondents will have access to full and fair procedures in Ecuador or

---

[4]   The Secretary of Homeland Security recently ratified the ACA Rule.  *See* Ratification of Department Action, 90 Fed. Reg. 42309 (Sept. 2, 2025).

whether it would be in the public interest to allow the respondents to pursue the asylum claim in the United States. *Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. at 295 n.4, 298.

The Immigration Judge erred in finding that DHS did not provide the respondents with notice of its intent to remove them to Ecuador for the adjudication of their asylum and protection claims. "DHS must provide oral or written notice that it intends to remove the respondent to the relevant third country for consideration of his or her asylum claim." *Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. at 295. *See also* Implementing Bilateral and Multilateral Asylum Cooperative Agreements Under the Immigration and Nationality Act, 84 Fed Reg. at 64000 ("[T]his interim rule provides that an alien who will potentially be subject to an ACA will be advised that he or she may be removed to a third country pursuant to a bilateral or multilateral agreement."). Here, DHS provided such notice when it orally moved to pretermit the respondents' asylum applications based on the ACA with Ecuador and was not required to file a written affirmation of its intent in response to the Immigration Judge's scheduling order. Contrary to the Immigration Judge's conclusion, DHS' oral motion to pretermit the respondents' applications for asylum and related protection was sufficient to provide the requisite notice of its intent to remove the respondents to Ecuador pursuant to an ACA.

## B. Alternative Findings

The Immigration Judge alternatively determined that the ACA does not apply to the respondents because DHS did not indicate that it intends to transfer them to Ecuador and there is no implementation plan between the United States and Ecuador. This exceeds the scope of the Immigration Judge's authority. As we stated in *Matter of C-I-G-M- & L-V-S-G-*, Immigration Judges may not require DHS to demonstrate that an ACA country of removal is willing to accept a respondent who is subject to the terms of an ACA. 29 I&N Dec. at 295 n.4. The Immigration Judge also does not have the authority to determine whether the respondent will have access to full and fair procedures in the third country. *Id.* at 298.

The Immigration Judge's reliance on the lack of an implementation plan is misplaced, as any subsequent implementation plan is not a part of the ACA itself and is not included in the Federal Register document setting forth the ACA and its exceptions. *See* 90 Fed. Reg. 51376–86 (ACA with Ecuador); *see also* 84 Fed. Reg. at 63995 ("[T]he agreements will be published in a document in the Federal Register."); 84 Fed. Reg. at 63997 ("ACAs entered pursuant to section 208(a)(2)(A) will be published in the Federal Register.");

8 C.F.R. § 1240.11(h)(3) ("The exceptions for agreements with countries other than Canada are further explained by the applicable published Federal Register document setting out each Agreement and its exceptions."). Nor does the statute require anything beyond an agreement. INA § 208(a)(2)(A), 8 U.S.C. § 1158(a)(2)(A). The Immigration Judge acknowledged that any such implementation plan would be published separately by the Department of State. It follows that such a plan would be ancillary to the ACA published in the Federal Register and therefore not a permissible source of exception to the applicability of the ACA. *See* 8 C.F.R. § 1240.11(h)(2)(ii).

Finally, the Immigration Judge erred in declining to designate Ecuador as a country of removal once DHS indicated its intent to remove the respondents there based on the ACA. *See Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. at 297 ("The Immigration Judge should order the respondent removed to the relevant third country."). Under 8 C.F.R. § 1241.15 (2026), neither the Board nor the Immigration Judge has jurisdiction to review any determination by DHS regarding countries to which an alien may be removed. *See also* 8 C.F.R. § 241.15 (2026); *Matter of A-S-M-*, 28 I&N Dec. 282, 285 (BIA 2021). The Immigration Judge erred in reading our holding in *Matter of A-S-M-* to apply only when DHS designates a country of removal after the conclusion of removal proceedings. *See Matter of A-S-M-*, 28 I&N Dec. at 285 (holding that an alien can apply for withholding of removal from a third country designated by DHS in withholding-only proceedings following reinstatement of a prior removal order, and the Immigration Judge lacks authority to review DHS's third-country designation). The Immigration Judge cites no persuasive authority to support such a narrow reading of our holding and the underlying regulation.

## III. CONCLUSION

We conclude that the Immigration Judge exceeded his regulatory authority and did not follow the correct procedures for deciding motions to pretermit based on an ACA. We will therefore sustain DHS' appeal and remand the record for the Immigration Judge to expeditiously determine whether the safe third country bar applies in this case. The Immigration Judge may do so either by written order or during a promptly scheduled master calendar hearing after considering the evidence and arguments presented by the parties.

Accordingly, the following orders will be entered.

**ORDER:** DHS' interlocutory appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's March 24, 2026, order denying DHS' motion to pretermit is vacated.

**FURTHER ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for the entry of a new decision.